


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

RECEIVED
JAN - 6 2026
RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

Victor Youngblood, Plaintiff

v.

1:26 CV 010

City of Xenia, Ohio, et al., Defendants

- City of Fairborn, Ohio (Law Director / City Manager)

- Fairborn PD John/Jane Doe Officers 1–10

- dt Reed, Xenia PD

- Off Grahm, Xenia PD

- Off. Spagnolia, Xenia PD

- Lt. Stroup, Xenia FD

- Brandon Swan, Drug counsellor

J. HOPKINS

M.J. BOWMAN

**CIVIL RIGHTS COMPLAINT**
**42 U.S.C. § 1983**
**JURY TRIAL DEMANDED**

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 for violations of rights secured by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts and omissions giving rise to this claim occurred within this District.

4. Plaintiff does not waive, concede, or stipulate to any state-court jurisdiction; all

challenged orders are void ab initio.

## II. PARTIES

5. Plaintiff Victor Youngblood is a natural person and resident of Ohio.

6. Defendant Judge Tornichio acted under color of state law; sued in official capacity for injunctive/declaratory relief and in individual capacity for ultra vira acts.

7. Defendant Prosecutor d. Hayes, under color of state law, enforced charging instruments and capias despite facial defects.

8. Defendant Probation Officer John Doe, enforced unlawful bond conditions.

9. Brandon Swan, Drug Court/Treatment Counselor, coerced Plaintiff while capias was outstanding.

10. Clerk of Court [Name], issued, recorded, and maintained void entries and orders.

11. First Responders Lt. Stroup Xenia FD, seized property, handled evidence, and helped prepared sworn statements.

12. Officer Spagnolia handled evidence , seized property, and swore to impossible placement and eye witness false accounts placement of evidence under his control,

13. Officer Grahm photographed evidence, and swore to contradictory evidence, chain of custody, thereby fabricating probable cause.

14. Dt. Reed of Xenia PD swore to both mutually exclusive charging instrument, with contradictory statements on the face of the documents.

## III. FACTUAL ALLEGATIONS

A. Void Charging Instruments and Capias Orders

15. Plaintiff was subjected to criminal proceedings based on facially defective, contradictory, and improperly sworn instruments.

16. Plaintiff invoked appellate jurisdiction, divesting the trial court of authority.

17. Despite this, on Nov. 21, the lower court issued a capias without jurisdiction.

18. On Sept. 2–3, Judge Tornichio manufactured counsel by fiat, claiming a conflict that did not exist.

B. First Responders, Chain of Custody, and Evidence Handling

19. First responders improperly handled Plaintiff's vehicle and property.

20. Evidence was moved from floorboard to passenger seat without documentation.

21. Sworn statements contained material falsehoods or contradictions, including misrepresentation of plain-view observations.

22' These defects tainted subsequent criminal process.

F. Vehicle Position, Physical Impossibility, and Fabricated Evidence

23. Plaintiff's vehicle was discovered resting on its side down an embankment.

24. First responder Defendants documented two separate firearm locations.

25. Claimed locations were physically impossible given orientation and interior layout.

26. Sworn statements alternately placed firearms on the floorboard and passenger seat.

27. Evidence manipulation was deliberate, sworn to, and falsely invoked plain-view doctrine.

28. Evidence was not lawfully discovered or seized.

29. Fabrication formed basis for probable cause, charging instruments, bond conditions, and supervision.

30. Defendants knew fabrication violated constitutional law.

## IV. CAUSES OF ACTION

COUNT I – Fourth Amendment

Unlawful seizure, void warrants, evidence fabrication.

COUNT II – Fourteenth Amendment

Deprivation of liberty without due process, enforcement of void capias and orders.

COUNT III – First Amendment

Violation of free exercise of religion via bond and supervision conditions.

COUNT IV – Sixth Amendment

Denial of self-representation and ineffective assistance due to manufactured counsel.

COUNT V – Access to Courts / Retaliation

Retaliatory enforcement for asserting jurisdictional and appellate rights.

COUNT VI – Conspiracy – 42 U.S.C. § 1983

Coordinated enforcement of void orders and fabrication of evidence.

## V. DAMAGES

Plaintiff suffered loss of liberty, emotional distress, impaired religious exercise, denial of access to courts, and reputational harm.

## VI. RELIEF REQUESTED

Declaratory judgment that Defendants' acts were unconstitutional and void;

Injunctive relief prohibiting enforcement of void orders and conditions;

Compensatory and punitive damages;

Costs and fees under 42 U.S.C. § 1988;

Any other relief the Court deems just.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*Victor Youngblood* 12.26.25
Victor Youngblood

Plaintiff, pro se

514W.Pleasant st.

Springfield, OH 45506

vyoungblood068@gmail.com